UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 3:15-00070-6 |
| ) | Judge Trauger |
| ROGELIO ENRIQUEZ, ) | |
| ) | |
| Defendant. ) | |

**CONSENT ORDER OF FORFEITURE CONSISTING OF A
$341,800.00 UNITED STATES CURRENCY MONEY JUDGMENT
AS TO COUNT ONE**

Based on the Defendant Rogelio Enriquez' plea of guilty to Count One of the Third Superseding Indictment, the representations and agreements of the Government and Defendant, the Plea Agreement, the consent of the defendant, the facts of this case and the pleadings in this matter, the Court finds as follows:

**WHEREAS**, on September 30, 2015, the Government filed a forty-four count Third Superseding Indictment charging Defendant, in pertinent part at Count One with a violation of 18 U.S.C. § 371 (conspiracy to commit the filing of false claims against the United States, wire fraud, and theft of public money over $1,000);

**WHEREAS,** the forfeiture allegation of the Third Superseding Indictment gave notice, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that upon conviction of the conspiracy to commit wire fraud and theft of public money alleged in Count One, Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offense. The property to be forfeited included a money judgment in the amount of at least $2,500,000.00;

**WHEREAS,** the forfeiture allegation of the Third Superseding Indictment also gave notice to Defendant that in the event the proceeds, as a result of any act or omission of Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and the United States intends pursuant to Title 21 United States Code, Section 853(p) to seek forfeiture of any other property of Defendant Rogelio Enriquez up to the value of the property listed above as being subject to forfeiture;

**WHEREAS**, Defendant has entered into a Plea Agreement with the United States wherein he has pled guilty to Count One of the Third Superseding Indictment;

**WHEREAS,** Defendant further acknowledges in his Plea Agreement that the restitution owed to the United States is $341,800.00;

**WHEREAS,** Defendant further acknowledges in his Plea Agreement that the proceeds of the scheme or artifice to defraud as alleged in Count One he negotiated is $341,800.00. More specifically, between on or about February 2015 and in or about April 2015, defendant presented and negotiated approximately $341,800.00 worth of fraudulent federal income tax refund checks at the request of individuals, known and unknown to the United States Attorney, during approximately 66 transactions at a check cashing fclity and conveyed the proceeds directly to third-parties who were not the payees on the refund checks;

**WHEREAS,** $341,800.00 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the conspiracy to commit wire fraud and theft of public money

as alleged in Count One of the Third Superseding Indictment and which constitutes or is derived from proceeds traceable to said violation;

**WHEREAS**, the Court accepted the Defendant's plea of guilty and reserved acceptance of the Plea Agreement. Sentencing is currently set for August 25, 2017;

**WHEREAS,** as a result of Defendant's own act(s) or omission(s), the $341,800.00 in proceeds obtained as a result of the conspiracy to commit wire fraud and theft of public money as alleged in Count One of the Third Superseding Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p) the United States is entitled to forfeiture of substitute property; and

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offense to which Defendant has pled guilty in this matter are $341,800.00.

2. $341,800.00 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the conspiracy to commit wire fraud and theft of public money as alleged in Count One of the Third Superseding Indictment, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant's act(s) or omission(s), the $341,800.00 in proceeds obtained as a result of the conspiracy to commit wire fraud and theft of public money as alleged in Count One of the Third Superseding Indictment to which Defendant has pled guilty, either

cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $341,800.00.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

    A.    A Consent Order of Forfeiture Consisting of a $341,800.00 Money Judgment as to Count One ("Money Judgment") is hereby taken against Defendant Rogelio Enriquez as to Count One. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Money Judgment shall become immediately final as to the defendant, and shall be made part of the sentence and included in the Judgment in a Criminal Matter as to Rogelio Enriquez. Further the Money Judgment is included in the Judgment in a Criminal Matter by reference herein. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

    B.    The United States may engage in discovery, without further application to the Court, in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $341,800.00 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*, and in the manner authorized by 21 U.S.C. § 853(m), and the Federal Rules of Criminal Procedure, Rule 15 and 32.2(b)(3), to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation.

C. The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

D. The Defendant will provide the Defendant's Tax Returns for the years 2012 and 2016 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Money Judgment to include substitute property having a value not to exceed in total $341,800.00 United States currency to satisfy the Money Judgment in whole or in part.

F. Upon payment of said Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgment have been filed.

G. Any voluntary payment or asset found with cooperation of the defendant will be applied first towards the reduction of any restitution ordered by the Court and will serve to reduce the Money Judgment ordered by the Court as well. Further any restitution paid through the remission or restoration process shall also act to reduce this Money Judgment.

H. Insofar as the Money Judgment is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable to the Money Judgment, which will continue in full effect until payment of the total amount of $341,800.00 plus statutory interest is made in full.

I. The Court shall retain jurisdiction to enforce this Money Judgment and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this  23rd   day of  August       , 2017.

_____
Aleta A. Trauger
United States District Judge

Approved for Entry:


/s Michael J. Flanagan
MICHAEL J. FLANAGAN
Attorney for Defendant Rogelio Enriquez


/s Byron M. Jones
Byron M. Jones
Assistant United States Attorney


/s Debra Teufel Phillips
Debra Teufel Phillips
Assistant United States Attorney